**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH HOWARD BLAKELY, | No. 08-35889 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01803-RAJ |
| v. | |
| HERB SNIVELY, C.U.S.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, AND CLIFTON, Circuit Judges.

Ralph Howard Blakely, a Washington state prisoner, appeals pro se from the

district court's summary judgment for defendants in his 42 U.S.C. § 1983 action

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), for an abuse of discretion an order denying discovery under Rule 56(f) of the Federal Rules of Civil Procedure, *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998), and for the proper application of legal principles the denial of a motion for a preliminary injunction, *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment to defendants because the evidence showed at most a difference of medical opinion which is insufficient to show deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir. 1989) (holding that a difference of opinion regarding the best course of medical treatment does not amount to deliberate indifference). The district court did not abuse its discretion by denying Blakely's untimely request for additional discovery, or a continuance to permit him to conduct discovery, because Blakely did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis*, 140 F.3d at 854 (upholding denial of Rule 56(f) discovery motion where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their § 1983 claim").

Further, the district court did not err when it denied Blakely's motion for a preliminary injunction compelling his transport to an outside practitioner. *See Earth Island Inst.*, 351 F.3d at 1298.

Blakely's remaining contentions are unpersuasive.

**AFFIRMED.**